IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02764-SBP

CONTINENTAL DIVIDE COLLECTIONS, LLC

    Plaintiff,

v.

MARC OSTROFSKY, an individual,

    Defendant.

---

**ORDER DENYING MOTION TO REMAND (ECF No. 10)**

---

**Susan Prose, United States Magistrate Judge**

    Plaintiff Continental Divide Collections, LLC ("Continental") originally brought this action in Colorado state court for breach of contract and unjust enrichment against defendant Marc Ostrofsky. Mr. Ostrofsky removed the case to this court and the matter is now before the court on Continental's motion to remand back to state court. ECF No. 10 ("Motion" or "Motion to Remand"). Mr. Ostrofsky responded, ECF No. 20 ("Response"), and Continental submitted a reply, ECF No. 23 ("Reply"). Both parties have consented to the jurisdiction of the undersigned United States magistrate judge, therefore, the court considers the Motion pursuant to 28 U.S.C. § 636(c). Consent to Jurisdiction of Magistrate Judge, ECF No. 18; *see also* Order of Reference, ECF No. 19; Fed. R. Civ. P. 73; D.C.COLO.LCivR 72.2. For the reasons below, the court **DENIES** the Motion to Remand.

1

## BACKGROUND

Continental is a Colorado limited liability company. ECF No. 3 ("Complaint") ¶ 1. On November 13, 2020, Mr. Ostrofsky entered into a retention agreement, ECF No. 10-1 ("Agreement"), with the Ferguson Schindler Law Firm, P.C. (formerly Matthew C. Ferguson Law Firm) (the "Law Firm") for legal services. *Id.* ¶¶ 4, 8, 11.[1] Under a section titled "Billing and Payment," the Agreement contains a forum selection clause which states: "[Mr. Ostrofsky] further agree[s] to submit to the jurisdiction of the County or District Court in Denver, Garfield, Pitkin, Eagle or Mesa County, Colorado as determined solely by [the Law Firm] or the collection entity." Agreement at 5.

On August 3, 2022, the Law Firm terminated its representation of Mr. Ostrofsky, alleging that he failed to pay for legal services performed. Complaint ¶¶ 16, 17, 19. Specifically, Continental alleges that Mr. Ostrofsky has an outstanding balance of $98,899.23 and incurred a finance charge of 1.5 percent for his failure to pay, or $14,398.10, for a total of $119,345.57. *Id.* ¶ 22. On May 17, 2023, the Law Firm assigned all rights arising from the Agreement to Continental. *Id.* ¶ 26; *see* ECF No. 23-1 ("Assignment").

On August 21, 2024, Continental filed its Complaint in the District Court for Garfield County, Colorado. *See generally* Complaint. On October 7, 2024, Mr. Ostrofsky removed the case to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1 ("Notice of Removal"). On October 24, 2024, Continental filed its Motion to Remand, claiming that the Agreement's forum selection clause made removal improper. Motion at 2. Mr. Ostrofsky argues

---

[1] The Agreement appears to have been amended, *see* Complaint ¶ 11; however, because neither side provides the amendment, the court presumes that any subsequent changes to the Agreement did not alter the provisions relevant to the Motion for Remand.

in response that Continental cannot enforce the forum selection clause because it was not a signatory to the Agreement and the Law Firm's assignment of its claims to Continental was invalid. Response at 3-7. Further, he maintains that because this court is a District Court located within the geographical limits of Denver County, it falls within the ambit of the forum selection clause, which provides for jurisdiction in the "District Court in Denver." *Id.* at 7-10.

## LEGAL STANDARDS

A defendant may remove a state civil action to federal court if the federal district court has subject matter jurisdiction. 28 U.S.C. § 1441(a). Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" § 1446(b)(1). The removing party has the burden to prove that removal was proper and to establish the court's jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of remand. *Meade v. Avant of Colorado, LLC*, 307 F. Supp. 3d 1134, 1140 (D. Colo. 2018) (citing *Fajen v. Found. Rsrv. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941))).

## ANALYSIS

Before the court addresses the scope and Continental's enforcement of the Agreement's forum selection clause, the court must assure itself that it has jurisdiction over this matter and that Mr. Ostrofsky's removal was proper. *Montoya*, 296 F.3d at 955 ("Jurisdiction is a threshold question that a federal court must address before reaching the merits . . . .") (citation omitted);

*see also Baker v. Med. Device Bus. Servs. Inc.*, No. 22-cv-02636-PAB, 2022 WL 11693444, at *1 (D. Colo. Oct. 20, 2022).

## I.     Jurisdiction and Removal

Mr. Ostrofsky asserts that this court has jurisdiction over this case under 28 U.S.C. § 1332. Under this provision, a federal court has subject matter jurisdiction over cases in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000. § 1332. Here, Continental is a citizen of Colorado because its members are citizens of Colorado, and Mr. Ostrofsky is a citizen of Utah. Notice of Removal at ¶ 5; Motion at 10 ("Plaintiff is a Colorado limited liability company whose members are Colorado citizens."); *see Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Further, the amount in controversy is at least $119,345.57. Complaint ¶ 22 (alleging that Mr. Ostrofsky owes that amount). Therefore, the court finds that it has subject matter jurisdiction over this case.

Furthermore, the court concludes that Mr. Ostrofsky abided by the requirements of the removal statutes, i.e., §§ 1441 and 1446. The state court records attached to the Notice of Removal indicate that Continental served Mr. Ostrofsky on September 7, 2024. ECF No. 1-4 at 1. He then filed the Notice of Removal in this court on October 7, 2024, exactly 30 days after he was served. § 1446(b)(1). Accordingly, the court finds that removal was timely and that this court may properly assert jurisdiction over this matter.

**II.     Remand**

The court now turns to the merits question of whether the Agreement's forum selection clause requires the court to remand this case back to Colorado state court. The interpretation and enforceability of a forum selection clause is a question of law. *K & V. Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 497 (10th Cir. 2002) (citations omitted). The Agreement does not contain a choice of law provision, and because the court hears this matter pursuant to diversity jurisdiction, it must first determine what law governs the interpretation and enforceability of the Agreement and its forum selection clause.[2] While there is a distinction between what law governs forum selection clause enforceability versus interpretation, *see State ex rel. Balderas v. Real Est. L. Ctr.*, *P.C.*, 430 F. Supp. 3d 900, 919 (D.N.M. 2019), this is a distinction without a difference because "[t]he Tenth Circuit has not drawn rigid distinctions between state and federal law when interpreting forum selection clauses and has applied federal law when interpreting these clauses when 'there are no material discrepancies between [state] law and federal common law on these matters.'" *Id.* (quoting *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997)). There is no indication that federal law materially differs from the law of Colorado, which would presumably govern the Agreement,[3]

---

[2] Mr. Ostrofsky claims in a footnote that federal law governs the interpretation of the forum selection clause. Response at 3 n.1. Continental does not specifically address this issue, but its Motion and Reply cite federal cases in support of its proposed interpretation of the forum selection clause. Motion at 4-5; Reply at 8-11.

[3] In interpreting forum selection clauses, courts in this District have found that "there are no material discrepancies between Colorado law and federal common law," and therefore the court need not decide specifically which law applies. *See McKenna v. CDC Software, Inc.*, No. 08-cv-00110-EWN-MEH, 2008 WL 4197740 (D. Colo. Sept. 9, 2008) (since the Tenth Circuit had not made a definitive statement on whether to apply state law or federal procedural law to forum

5

and in any event, Tenth Circuit "caselaw on domestic forum selection clauses suggests that the Court should apply. . . federal law as the default." *State ex rel. Balderas*, 430 F. Supp. 3d at 932. Thus, the court interprets the forum selection clause under federal law.

Forum selection clauses are either mandatory or permissive. *Excell, Inc.*, 106 F.3d at 321. Mandatory clauses clearly show that jurisdiction is only appropriate in the specified forum, including specifications that jurisdiction is "exclusive" or "only" proper in the specific venues listed. *Id.*; *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926 (10th Cir. 2005). For example, in *Am. Soda*, the court found that a clause identifying a location as the "exclusive forum for the resolution of any disputes related to or arising out of" the contract was mandatory because it included "additional language indicating the parties' intent to make venue exclusive." *Am. Soda*, 428 F.3d at 927; *see also, e.g.*, *Carr v. Wells*, No. 20-cv-03319-PAB-SKC, 2022 WL 910953, at *5 (D. Colo. Mar. 28, 2022) (clause reading "any suit, action, or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, the [agreement] shall be brought in the federal or state courts of the State of Colorado . . . irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the laying of the venue of any such suit, action, or proceeding in any such court" held to be mandatory); *Hancock v. Am. Tel. & Tel. Co.*, 804 F. Supp. 2d 1215, 1218-19 (W.D. Okla. 2011), *aff'd*, 701 F.3d 1248 (10th Cir. 2012) (holding same for clause reading "agree to submit to the personal and exclusive jurisdiction of the courts located within the county of Bexar County, Texas"); *Cattleman's Choice Loomix, LLC v. Heim*, No. 11-cv-00446-WYD-CBS,

---

selection clause interpretation, and there was not a material difference between the two, the court did not decide which specific forum's laws to apply); *see also Excell, Inc.*, 106 F.3d at 320-21.

2011 WL 1884720, at *2 (D. Colo. May 18, 2011) (same for "[a]ll actions or proceedings arising directly or indirectly from the Agreement shall be litigated only in the State or Federal Courts having situs in or in courts from the County of Weld, State of Colorado").

A permissive clause, on the other hand, accounts for jurisdiction in a specific forum, but does not foreclose the ability to litigate elsewhere. *Am. Soda*, 428 F.3d at 926-27. It may state that a venue is authorized or that parties merely agree to submit to the jurisdiction of a given court. *Id.*; *Almanza v. Gen. Constr. Servs., Inc.*, No. 19-cv-03580-DDD-NRN, 2021 WL 2823228, at *3 (D. Colo. Jan. 29, 2021). For example, in *West v. Strike Tax Advisory, LLC*, the court found that a forum selection clause where the parties agreed to "submit to jurisdiction in Boise, ID" was ambiguous and thus permissive in part because it "only [discussed] consent to jurisdiction." No. 23-cv-00669-GPG-MEH, 2023 WL 3976431, at *1, 3-4 (D. Colo. May 23, 2023). But without clear intent to make them mandatory, forum selection clauses are permissive. *PTW Energy Servs., Inc. v. Carriere*, No. 19-cv-01436-REB-NYW, 2019 WL 3996874, at *3-4 (D. Colo. Aug. 23, 2019) (clause reading "each of the parties hereto irrevocably attorns to the jurisdiction of the courts of the Province of Alberta" held to be permissive); *see also, e.g.*, *K & V Sci. Co.*, 314 F.3d at 496, 500 (holding clause which read, "[j]urisdiction for all and any disputes arising out of or in connection with this agreement is Munich" was permissive); *3rd Rock Logistics, LLC v. Occidental Petroleum Corp.*, 303 F. Supp. 3d 1166, 1168 (D.N.M. 2018) (same for "voluntarily submit to the jurisdiction and venue of the federal or state courts of the state of Texas for the adjudication of their liabilities and responsibilities").

The clause at issue here reads: "You further agree to submit to the jurisdiction of the County or District Court in Denver, Garfield, Pitkin, Eagle or Mesa County, Colorado as

determined solely by us or the collection entity." Agreement at 5. Continental contends that this language is mandatory, and thus, the court must remand the case back to state court. Reply at 8-11. In contrast, Mr. Ostrofsky argues that the forum selection clause is, at the very least, ambiguous and, at most, outright permissive. Response at 9-10.

This clause does not have the hallmarks of a mandatory forum selection clause. For example, unlike the mandatory forum selection clause in *Am. Soda*, this clause does not specify that the counties listed are the "*exclusive* forum for the resolution of *any* dispute." *Am. Soda*, 428 F.3d at 927 (emphasis added). This clause instead mirrors the permissive agreement in *West*. Mr. Ostrofsky, like the parties in *West*, only agreed to "submit to jurisdiction" of a certain location. 2023 WL 3976431, at *4; Agreement at 5. Since this clause similarly only discusses "consent to jurisdiction," the court finds that it is permissive.

Moreover, this clause is, at a minimum, ambiguous. Principles of contract interpretation dictate that the court give the words in the contract their plain and ordinary meaning. *Commc'ns Techs., Inc. v. Spiral Aviation Training Co., LLC*, No. 06-cv-00666-MSK-BNB, 2007 WL 572121, at *1 (D. Colo. Feb. 20, 2007). Contract language is ambiguous when it is "reasonably susceptible to more than one meaning." *Meadows v. Elec. Ins. Co.*, No. 15-cv-02524-MEH, 2016 WL 520589, at *2 (D. Colo. Feb. 9, 2016) (citing *Bengtson v. USAA Prop. & Cas. Ins.*, 3 P.3d 1233 (Colo. App. 2000)). If a forum selection clause is ambiguous, the court will "construe it against the drafter." *Klein Frank, P.C. v. Girards*, 932 F. Supp. 2d 1203, 1209 (D. Colo. 2013). When the Agreement states: "you further agree to submit to the jurisdiction of the County or District Court in Denver, Garfield, Pitkin, Eagle or Mesa County, Colorado as determined solely by us or the collection entity[,]" it is not clear whether the parties were

8

specifying that they may not contest jurisdiction if sued in the courts listed or if those courts are the proper forum for the parties to bring claims regarding the Agreement. Agreement at 5. Additionally, it is unclear who the "us" in the latter portion of the sentence refers to.

Since this sentence is ambiguous, it is construed against the drafter. Mr. Ostrofsky asserts that the Law Firm drafted the letter, which Continental does not dispute. Motion at 10; *see generally* Reply. This is supported by the fact that the Agreement is a letter addressed to Mr. Ostrofsky, from the Law Firm, on the Law Firm's letterhead. *See* Agreement. While this presents a somewhat unusual situation in that the Law Firm assigned the claims to Continental, Continental is the drafter's assignee and so the court construes the language against Continental. *See, e.g.*, *Fed. Deposit Ins. Corp. v. Univ. Anclote, Inc.*, 764 F.2d 804, 806 (11th Cir. 1985) (construing the contract against the drafter and its assignee). And construing the language against the drafter, the sentence is permissive as opposed to mandatory. Given the ambiguity, the language is "simply not sufficiently clear to indicate a mandatory, exclusive" requirement that the parties litigate in a Colorado state or county court in one of the locations listed. *PTW Energy Servs., Inc.*, 2019 WL 3996874, at *4.

Because the court finds that the Agreement's forum selection clause is not mandatory, removal to this court was proper. Therefore, the court respectfully **DENIES** the Motion to Remand.

## CONCLUSION

For the reasons above, Continental's Motion to Remand, ECF No. 10, is respectfully **DENIED**.

DATED: February 27, 2025              BY THE COURT:

_____
Susan Prose
United States Magistrate Judge